Filed 1/6/26  P. v. Palaghiuc CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C102049 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 01F00623) |
| SORIN PALAGHIUC, | |
| Defendant and Appellant. | |

In 2003, defendant Sorin Palaghiuc was convicted of first degree murder with special circumstances and sentenced to life in prison without the possibility of parole (LWOP) plus 11 years 8 months for other convictions and enhancements.  He was 20 years old at the time of the murder.

Defendant appeals the trial court's July 2024 written order vacating its prior order appointing counsel and scheduling a *Franklin*[1] hearing to preserve mitigating evidence for use in a future youthful offender parole hearing.  Defendant asks this court to remand the matter so he may present additional argument to the trial court.  The People do not oppose giving defendant an opportunity to establish his eligibility for a *Franklin* hearing. We accept the People's concession and will reverse and remand the matter.

---

[1]  *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

1

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2003, a jury found defendant guilty of first degree murder (Pen. Code, § 187)**2** and found true that defendant had committed the murder while engaged in robbery and burglary (§ 190.2, subd. (a)(17)) and personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)).  (*People v. Palaghiuc* (Dec. 6, 2004, C043780) [nonpub. opn.].)  The jury also found defendant guilty of additional counts of robbery (§ 211), burglary (§ 459), and grand theft (§ 487).  The trial court sentenced defendant to LWOP on the murder count plus 11 years 8 months consecutive for the other convictions and enhancements.  This court affirmed the judgment on appeal.  (*People v. Palaghiuc, supra*, C043780.)

As of January 1, 2020, defendants who committed crimes when they were 25 years old or younger are generally eligible for a youth offender parole hearing after specified periods, depending on their sentence.  (§ 3051.)  However, the statute excludes those defendants who, like defendant here, were sentenced to LWOP for crimes they committed when they were 18 to 25 years old.  (§ 3051, subd. (b)(4).)

In 2023, defendant filed an in propria persona motion for appointment of counsel and requested a proceeding to preserve mitigating evidence for use in a future youthful offender parole hearing pursuant to *Franklin*, *In re Cook* (2019) 7 Cal.5th 439, and section 1203.01.  Defendant argued that, by excluding 18- to 25-year-olds sentenced to LWOP from youth offender parole, section 3051 violates equal protection and constitutes cruel and unusual punishment.  The trial court granted the motion, appointed counsel, and scheduled a hearing.

Before the scheduled date, our Supreme Court decided *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*).  *Hardin* rejected an equal protection challenge to section 3051

---

**2**  Undesignated statutory references are to the Penal Code.

by an offender sentenced to LWOP for special circumstance murder, but did not foreclose "other as-applied challenges" to the statute "based on particular special circumstances or the factual circumstances of individual cases." (*Hardin*, at p. 864.)

In July 2024, the trial court entered a written order vacating its prior order granting defendant's motion. Citing *Hardin*, the court reasoned it "no longer has the authority to hold a *Franklin* hearing for a youthful offender sentenced [to LWOP]." The court dismissed defendant's motion and vacated the scheduled hearing.

Defendant timely appealed.

## DISCUSSION

Defendant argues section 3051's exclusion of young adult offenders sentenced to LWOP for murder in the commission of a robbery under section 190.2 constitutes cruel and unusual punishment and violates equal protection as applied to him. He further argues section 1203.01 permits him to present information about himself and the crime, and that the trial court abused its discretion and violated procedural due process in dismissing his motion without notice.

Defendant points to *People v. Briscoe* (2024) 105 Cal.App.5th 479, in which the defendant successfully raised an as-applied challenge to section 3051's exclusion of young adult offenders convicted of special circumstance murder under section 190.2, subdivision (d). (*Briscoe*, at pp. 484-485.) He further directs our attention to cases involving what he argues are similar crimes committed by equally culpable offenders, who would now be eligible for parole while he is not. (See, e.g., *People v. Carter* (2019) 34 Cal.App.5th 831; *People v. Mulqueen* (1970) 9 Cal.App.3d 532; *People v. Fortman* (1967) 257 Cal.App.2d 45.) Although these authorities do not conclusively establish any violation of defendant's right to equal protection, they do allow for the possibility that he might be able to develop such an argument. (See *Hardin, supra*, 15 Cal.5th at p. 839 [declining to foreclose the "possibility of other as-applied challenges" to § 3051].)

3

As to his cruel and unusual punishment argument, defendant points to decisions from courts in various other states finding that their state constitutions prohibit imposing an LWOP sentence on youthful offenders. (See, e.g., *Commonwealth v. Mattis* (2024) 493 Mass. 216, 234-235.) Again, these authorities do not conclusively establish that section 3051's exclusion of young adult offenders constitutes cruel and unusual punishment under the California Constitution, but they allow for the possibility that defendant might be able to develop such an argument.

The People do not oppose remanding the matter to give defendant the opportunity to establish his eligibility for a *Franklin* hearing, as well as whether defendant is entitled to file information pursuant to section 1203.01. We accept the concession and remand for that purpose.

## DISPOSITION

The trial court's decision to vacate its prior order appointing counsel and scheduling a *Franklin* hearing is reversed. The matter is remanded for further proceedings consistent with this opinion.

/s/_____
WISEMAN, J.*

We concur:

/s/_____
MAURO, Acting P. J.

/s/_____
DUARTE, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.